UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>    Respondent. | NO. CV 12-3713 AG (FMO)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On April 30, 2012, pro se petitioner Allen Hammler, a prisoner in state custody, filed an untitled document, seeking an extension of the deadline for filing a habeas petition in this Court. The Court shall construe petitioner's document as a "Motion for Extension of Time to File Habeas Corpus Petition" ("Motion").

Under 28 U.S.C. § 2254, this Court may entertain a habeas petition on behalf of a person who is in custody, pursuant to a state court judgment, and in violation of the Constitution, laws, or treaties of the United States. The Court need neither grant the writ nor order a return if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243; see also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner's Motion does not: (a) state any claims for federal habeas relief; (b) include information from which a court could determine whether petitioner has exhausted state court remedies; or (c) identify a California court in which petitioner was convicted and sentenced so that

this Court could determine whether venue is proper here.  Accordingly, the Motion cannot be construed as a properly filed habeas petition under 28 U.S.C. § 2254.

Further, the Court has no power to suspend the statute of limitations for a habeas petition not yet filed.[1] The limitations period, however, is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In short, petitioner's Motion, however liberally construed, is subject to summary dismissal without prejudice.[2]

Based on the foregoing, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the instant action without prejudice.

2. The Clerk shall serve petitioner with a copy of this Order, the Judgment herein, and the Court's § 2254 form petition.

DATED: MAY 11, 2012.

ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

---

[1] There is a one-year statute of limitations for federal habeas petitions by state prisoners, running from the latest of: (A) the date judgment became final at conclusion of direct review or expiration of time for seeking it; (B) the date an impediment to filing created by State action in violation of the Constitution or laws of the United States is removed, if petitioner was prevented from filing by State action; (C) the date the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Court and made retroactively applicable on collateral review; or (D) the date the factual predicate of claims presented could have been discovered through exercise of due diligence. 28 U.S.C. § 2244(d)(1). The time for direct review under § 2244(d)(1)(A) includes the 90-day period for filing a petition for certiorari in the U.S. Supreme Court, if a petition could have been, but was not, filed. See, e.g., Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999).

[2] Petitioner can file a petition for writ of habeas corpus after he exhausts his state court remedies. Petitioner should not file an amended petition in this action nor should he use the case number from this action because the instant action is being closed today. When petitioner files a new petition, the Court will give the petition a new case number.